removed was the one placed around the hydrant, and in this he was corroborated by at least four witnesses produced by the defendant. The hydrant was located 10 inches from the curbstone. To me it seems incredible that a small fire built around the hydrant, with the temperature as low as that stated in the prevailing opinion, could have removed the obstruction upon the walk; but whether it could or not was a question for the jury.

That the plaintiff was seriously injured by an obstruction upon the walk is not disputed. How long the obstruction had existed is not shown, except by the plaintiff's witnesses, two of whom (and they were disinterested) stated that the same had existed for several weeks and a portion of that time the temperature was such that the same could easily have been removed. The credibility of these witnesses was for the jury, and I do not see how it can be said its verdict is against the weight of evidence, and especially when they both are corroborated in some respects by some of the defendant's witnesses.

For these reasons, I think the judgment appealed from should be affirmed.

PATTERSON, P. J., concurs.

---

CITY OF NEW YORK v. ASSURANCE CO. OF AMERICA.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

TAXATION (§ 604*)—ASSESSMENT—REMEDY TO VACATE.

Tax Law (Laws 1905, p. 624, c. 348) § 259a, authorizing dismissal of an action to collect a tax on payment of such part of the tax as may be just, or on payment of costs, where it appears that the person or corporation is unable for want of property to pay the tax, or where for other reasons upon the facts it seems just to the court that the tax should not be paid, does not afford an additional remedy to review the legality of an assessment depending upon no new facts, and hence a motion to dismiss such an action cannot be based upon that section, where defendant failed to prosecute certiorari to review the assessment, though up to the time of the assessment the question of law involved had not been judicially passed upon, and afterwards, in another case, was decided in favor of the taxpayer.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 604.*]

Appeal from Trial Term, New York County.

Action by the City of New York against the Assurance Company of America. From an order denying a motion to dismiss, defendant appeals. Affirmed.

The following is the opinion of Bischoff, J., in the court below:

The defendant moves under section 259a of the tax law (Laws 1905, p. 624, c. 348) to dismiss this action which is brought to recover the amount of a tax assessed against it upon personal property in the year 1905; the ground of the motion being apparently that, while no proceedings by certiorari were instituted to review the assessment, the collection of the tax would be unjust, in that by virtue of a determination of the courts since the assessment was made certiorari proceedings, if instituted in time, could have been successfully maintained, and the assessment vacated. As I view this section of the tax law, it was not designed to cover any such case as this. The court is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

given power to dismiss the action "on payment of such part of the tax as may be just or on payment of costs" where it appears that the person or corporation is unable, for want of property, to pay the tax, or where "for other reasons upon the facts" it seems just to the court that the tax should not be paid, but evidently this is not intended to afford an additional remedy by way of review of the legality of the assessment, depending upon no new facts. The relief to which this defendant was entitled was to be obtained upon certiorari, and the fact that the court, up to the time when the assessment was made, had no occasion definitely to pass upon the question of law involved, did not justify the defendant in suffering the time within which certiorari proceedings might have been instituted to elapse. Presumably the law would have been similarly applied in a proceeding brought to determine the validity of this assessment, just as it was applied in the later case, and I fail to find in the situation presented any reasons which would lead the court to say that the payment of the tax should not be enforced at the present time. The case is simply one in which the corporation assessed has abandoned its legal rights in the matter of review, not one in which new circumstances have arisen which would render the collection of the tax inequitable, and, while there appears to be no actual opposition upon the part of the city to the granting of this motion, the dismissal of the action is not consented to, and I fail to find ground for the application in the statute referred to.

Motion denied.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

M. Deiches, for appellant.
D. Rumsey, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements on the opinion of the court below. Order filed.

---

### LONDNER v. PERLMAN et al.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. MORTGAGES (§ 159*)—PRIORITY—SUBORDINATION AGREEMENT.

An agreement between the vendor of land and the purchasers provided for purchase money mortgages, and recited that, as it had been agreed between the parties that the purchase money mortgages be subordinated to mortgages which the purchasers might make to secure the building loans, the vendor agreed that when the building loan mortgages should be executed he would deliver an instrument subordinating the purchase money mortgages to the building loan mortgages. *Held* that, though it would have been the vendor's duty, if called upon, to execute a further subordination agreement, it was not necessary to make the subordination effective, as the original agreement was a present agreement for subordination, and, as the further agreement was not to be furnished until mortgages were executed, it was the apparent intention of the parties that the original agreement was to be used in effecting the loans.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 312, 330; Dec. Dig. § 159.*]

2. MORTGAGES (§ 159*)—PRIORITY—SUBORDINATION AGREEMENT—RIGHTS OF SUBSEQUENT MORTGAGEES.

It was not necessary, in order to subordinate the purchase money mortgages, that the makers of the building loans should be directly parties to the agreement to subordinate.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 312, 330; Dec. Dig. § 159.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes